# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. GREEN,<br><br>            Plaintiff,<br><br>       v.<br><br>DELGADO, et al.,<br><br>            Defendants. | Case No.  1:14-cv-00297-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL AND TO FILE FUTURE FUNDING REQUESTS UNDER SEAL**<br><br>**(Doc. 29)** |

On March 28, 2015, one of Plaintiff's attorneys, Kevin G. Little, Esq., filed a motion seeking to have himself appointed as counsel for Plaintiff.[1]  (Doc. 29.)  Defendants filed an opposition.  (Doc. 31.)  Despite lapse of more than sufficient time, Plaintiff's counsel did not file a reply.  The motion is deemed submitted.  L.R. 230(l).  A number of deficiencies, as discussed below, prohibit granting the motion.

**I. Background**

Plaintiff filed this action on March 2, 2014.  (Doc. 1.)  Plaintiff was not pro se at the filing of the Complaint; rather, it was filed on his behalf by two law offices -- that of Kevin G. Little, Esq. and the Law Offices of York & Garvey.  (*Id.*)  Plaintiff has remained represented by these two law offices during the entire time that this action has been pending.  Exactly one year and one

---

[1] Though the declaration attached to the motion indicates that he is seeking to have all of the attorneys who are representing Plaintiff appointed as counsel, his motion seeks to have "the undersigned" appointed.  (Doc. 29, 1:26-27.)  Mr. Little is the only attorney who signed the motion.

1

1  month after the filing of this action, Mr. Little filed the present motion.  (Doc. 29.)

2  **II. Analysis**

3  Mr. Little requests that he be appointed to represent Plaintiff under General Order 230;
4  that he be authorized to incur costs subject to payment or reimbursement thereunder; and that if
5  he is appointed, future request for funding be permitted to be filed under seal.  (Doc. 29.)  He
6  argues that if future requests for funding are not filed under seal, confidential and protected
7  attorney work product would necessarily be divulged which would prejudice the representation of
8  Plaintiff and likens this to requests for funding under the Criminal Justice Act.  (*Id.*)

9  In opposition, Defendants argue that General Order No. 510 superseded General Order
10  230 in its entirety and since Plaintiff is already represented by retained counsel, it would run afoul
11  of General Order 510 to appoint Mr. Little.  (Doc. 31.)  Defendants further argue that the
12  improvident fee agreement that Mr. Little indicates he has with Plaintiff does not amount to
13  extraordinary circumstances to warrant appointment of counsel (*id.*, at 2:17-3:10); that public
14  funds are not authorized by Congress to support litigation expenses of one party (*id.*, at 3:11-
15  4:4:6); and that the request to submit further requests for reimbursement under seal is
16  procedurally improper (*id.*, at 4:7-20).

17  **a. Appointment of Counsel**

18  This motion is properly analyzed under General Order 510, which superseded General
19  Order 230 in its entirety as well as General Orders 154, 259, and 377 to the extent they address
20  reimbursement of pro bono counsel for indigent civil litigants.  General Order 510 provides for
21  "reimbursement of pro bono counsel appointed in indigent pro se civil cases."  Thus, a very basic
22  premise of this general order is that Plaintiff be pro se when appointment of counsel is sought.
23  While Plaintiff applied and made a sufficient showing of indigence to have his application to
24  proceed in forma pauperis granted, Plaintiff clearly is not now proceeding, and has never
25  proceeded pro se in this action.

26  Further, there is no constitutional right to appointed counsel in a § 1983 action.  *Storseth*
27  *v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  However, in "exceptional circumstances," a
28  district court may, in its discretion, appoint counsel for indigent civil litigants pursuant to 28

1 U.S.C. § 1915(d).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), quoting *Aldabe v.*
2 *Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  Exceptional circumstances may be found to exist
3 after evaluation of both "the likelihood of success on the merits and the ability of the petitioner to
4 articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113
5 F.3d at 1525 (quotations and citations omitted).  This showing has not been met.

6     Mr. Little asserts that "Defendants have not challenged the legal sufficiency of plaintiff's
7 claims, and this matter appears headed toward trial."  (Doc. 29, Decl. of Little, ¶1.)  However, the
8 deadline for filing of dispositive motions in this action is still over two months away.  Defendants
9 need not challenge plaintiff's claims before that date, and, even if they decide not to file a
10 dispositive motion, there is no basis on the record in this action or presented by Mr. Little to show
11 that Plaintiff is likely to succeed on the merits if and when this action proceeds to trial.[2]  Many
12 cases proceed to trial without dispositive motions and result in defense verdicts.  Thus, it cannot
13 be said, at this stage in the litigation, that Plaintiff is likely to succeed on the merits.  Further, Mr.
14 Little presents neither evidence nor argument from which to ascertain whether this action
15 involves legal issues that are more complex than the hundreds of other actions filed by pro se
16 inmate plaintiffs under § 1983 that are currently pending in this Court to justify appointment.
17 Finally, Mr. Little makes no showing upon which it might be ascertained whether Plaintiff is able
18 to articulate his claims pro se.

19     In his supporting declaration, Mr. Little asserts that the terms of his fee agreement with
20 Plaintiff show that this case is not the type that private attorneys in the area ordinarily accept
21 without a prepaid fee.  (Doc. 29, at ¶7.)  In so asserting, Mr. Little discloses that his fee
22 agreement with Plaintiff "contemplates a statutory fee rather than a conventional contingency
23 agreement and that plaintiff(s) will receive any recovery awarded without reduction."  (*Id.*)  The
24 Court does not doubt that not many attorneys would enter into a fee agreement wherein the client
25 would receive any recovery awarded without reduction.  However, Mr. Little cites no legal

26

---

27 [2] Notably, there is no explanation what has changed since counsel accepted representation in this matter such to explain why Plaintiff is now at risk of losing his representation.  Likewise, there is no showing that even if Mr. Little
28 withdraws why the other lawyers representing counsel could not proceed with the representation.

3

1  authority[3] to support that his fee agreement with Plaintiff is the only form allowed in this type of
2  action, or even that it is commonly utilized by the legal community when representing an indigent
3  inmate plaintiff in actions under § 1983 and the Court finds none.
4      Mr. Little's request to be appointed as Plaintiff's counsel under General Order 510, after
5  more than a year of representation, must fail as Plaintiff has not been pro se for any of this action,
6  Further, Mr. Little fails to show that exceptional circumstances exist to justify an appointment in
7  the discretion of the Court.

**b. Request to Seal**

Since, as discussed above, Mr. Little's motion to be appointed as Plaintiff's counsel is denied, his advance request to seal all of his filings for reimbursements need not be reached. However, even if this issue were properly before the Court, Mr. Little's request to seal fails to comply with Local Rule 141 and is thus, procedurally improper.

### III. Conclusion and Order

Accordingly, Mr. Little's ex parte application for appointment of civil rights counsel and request to file future funding requests under seal, filed March 28, 2015 (Doc. 29), is DENIED.

IT IS SO ORDERED.

    Dated:   **April 21, 2015**                  **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[3] The only legal support that Plaintiff cites for this proposition is California Business and Professions Code § 8030.4(g)(1)(c). (Doc. 29, at ¶ 7.) However, this section of the California Business and Professions code merely provides "Definitions" of terms and/or phrases as used in that chapter.