# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. GREEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DELGADO, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-00297-LJO-JLT (PC)<br><br>**ORDER MODIFYING SCHEDULING ORDER EXTENDING DEADLINE FOR AMENDMENT OF PLEADINGS and GRANTING LEAVE FOR DEENDANTS TO FILE AMENDED ANSWERS**<br><br>**(Docs. 35, 38, 39)**<br><br>Deadline to File Amended Pleadings:  May 22 |

　　　Defendants seek leave to file an amended answer despite that the deadline for doing so has passed.  The Court finds that good cause exists to amend the scheduling order and the amendment is needed to prevent substantial injustice.  Thus, the Court **GRANTS** the motion.

**I.　　Modification of Scheduling Order/Amendment of Pleading**

　　　A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Federal Rule of Civil Procedure[1] 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir.1992).  This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id*. at 609.  Rule 16(b)'s good cause standard is not nearly as liberal as that for Rule 15 and focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F.*

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

1

*ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011).  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

If good cause is found to modify a scheduling order under Rule 16, the party next must satisfy Rule 15(a).  *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987) ).  Rule 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires," and the Ninth Circuit has repeatedly stressed that the standard for granting leave to amend is generous.  *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011); *see also Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

Five factors must be considered when assessing the propriety of leave to amend:  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).  "Not all of the factors merit equal weight." *Eminence Capital,* 316 F.3d at 1052.  The consideration of prejudice to the opposing party carries the greatest weight.  *Id.,* citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987).  Prejudice is the "touchstone of the inquiry under rule 15(a)."  *Id.,* quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir.2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice").  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.,* citing *Lowrey v. Tex. A*

& *M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997).

**A.   Analysis**

In this case, all four Defendants seek to amend their answers to correct errors. Apparently, the original defense attorney did not fully grasp his clients' recollection of events, or somehow confused them when he drafted their answers. Plaintiff correctly notes in his opposition that substitution of new counsel who has a different plan than prior counsel does not usually suffice to show good cause to allow amendment under Rule 16. (*See* Doc. 40, 3:6-4:22.) However, Defendants' original counsel made a number of errors in Defendants answers which may be deemed for good cause, because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Current defense counsel entered the case on March 2, 2015 and March 20, 2015 and so could not have complied with the deadline to amend pleadings as it lapsed approximately a month prior. However, on Defendants' behalf, he has acted diligently in filing these motions to correct the error once they were discovered.

"[W]here . . . the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) citing *Globe Indemnity Co. v. Capital Ins. & Surety Co.*, 352 F.2d 236, 239 (9th Cir. 1965); *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978); *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972). Denying the amendments sought by Defendants would most certainly result in injustice as they would be bound to the incorrect factual assertions contained therein. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *See Lacelaw*, 861 F.2d at 226; *Hooper v. Romero*, 68 Cal.Rptr. 749, 753, 262 Cal.App.2d 574, 580 (1968). Thus, Defendants are likely to be substantially injured and injustice is likely to result if Defendants are not allowed to amend their answers. Likewise, no trial date has been set in this action, discovery is ongoing and, while scheduled, depositions of the Defendants have not yet taken place. Plaintiff offers no showing that he will suffer prejudice if the amendment is permitted and the Court finds none. *First Nat.*

1 *Bank of Circle*, 652 F.2d at 887.  Finally, allowing the answers to be amended as Defendants
2 desire will "facilitate decision on the merits rather than on the pleadings or technicalities." *DCD*
3 *Programs, Ltd*, 833 F.2d at 186.

### ORDER

Accordingly, the Court **ORDERS**:

1. The motion to modify the scheduling order and for leave to file an amended answer by Defendants O. Delgado, J. Gonzales, and J. Ramirez, filed on April 23, 2015 (Doc. 35), is **GRANTED**.  The amended answers **SHALL** be filed **no later than May 22, 2015**;

2. The motion to modify the scheduling order and for leave to file an amended answer by Defendant H. Ortega, filed on May 6, 2015 (Doc. 38), is **GRANTED**.

IT IS SO ORDERED.

Dated:   **May 20, 2015**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE