# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. GREEN,<br><br>  Plaintiff,<br><br>  v.<br><br>DELGADO, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00297-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION PER FED. R. CIV. P. 59(e) & 60(b)**<br><br>(Doc. 77) |

Plaintiff, Eric W. Green, is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on March 2, 2014. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's claims in this action involve an incident of alleged excessive force while he was being moved to a new cell.

The Magistrate Judge issued a Findings and Recommendations to grant defense motions for summary judgment, finding Plaintiff's action barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), and their progeny. (Doc. 72.) The Findings and Recommendations was served on the parties on September 21, 2015 and contained notice for filing objections to the Findings and Recommendations. (*Id.*) Plaintiff filed timely objections in which he argued along the lines asserted in his opposition to the motion that he is not barred from pursuing this

action since his is no longer in custody and that while he did not dispute that he initially resisted Defendants' attempts to restrain him, his claim was based on excessive force applied after he had become compliant. (Doc. 74.) The order adopting the Findings and Recommendations issued on October 8, 2015 and found that this action was barred by *Heck* and *Edwards*; judgment was entered that same day. (Docs. 75, 76.) On October 18, 2015, Plaintiff filed a motion for reconsideration seeking relief from judgment under Federal Rules of Civil Procedure[1] 59(e) and 60(b). (Doc. 77.)

Rule 59(e) allows a judgment to be altered or amended at the Court's discretion (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam). Other unusual circumstances may allow for alteration or amendment of a judgment such as correction of a clerical or typographical error. *See id,* citing *Molnar v. United Techs. Otis Elevator,* 37 F.3d 335, 337-38 (7th Cir.1994). However, Rule 59(e) is abused when used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In Plaintiff's motion, he presents evidence, for the first time, that the good time credits which he lost as a result of the incident in question have been reinstated. (Doc. 77, pp. 4, 9.) Plaintiff and his counsel state regret for not having raised this evidence earlier, but assert that counsel only serendipitously became aware that the credits had been restored when he was researching an issue for possible appeal and did not previously notice this evidence since Plaintiff's time credit calculations for his 17 years of incarceration span nearly 3,400 pages. (Doc. 77, at p. 4.) Plaintiff further argues that defense counsel was in the best position to be aware of the reinstatement and so should not have argued that this action was barred by *Heck*, *Edwards*, and their progeny. (*Id.*)

In opposition, Defendants[2] present evidence and argue that the documents which show Plaintiff's credits have been reinstated were produced in discovery and received by Plaintiff approximately two months prior to the date Defendants' motion for summary judgment was filed. (Doc. 80-1, ¶ 4.) Defendants' evidence further shows that the credits were reinstated following a

---

[2] Defendants Delgado, Gonzales, and Ramirez filed an opposition (Doc. 80), which Defendant Ortega joined (Doc. 81).

3

period of good behavior and not by overturning Plaintiff's finding of guilt under the RVR pertaining to the incident in question. (*Id.*) Defendants also present evidence that the *Heck* bar was raised as an affirmative defense and discovery was conducted thereon, though Plaintiff's counsel did not question any Defendant(s) as to its application in their depositions. (Doc. 80, 4:3-5:3; Doc. 80-1, ¶ 5.)

Plaintiff's untimely notice of evidence that showed his good time credits had been restored is insufficient to support a grant of reconsideration as it clearly could and should reasonably have been raised in opposition to Defendants' motion for summary judgment. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

Further, even if evidence of restoration of Plaintiff's good time credits is considered, it does not suffice to overcome the disposition of the case. To prevail, Plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997). Since the 61 days of good time credits which Plaintiff forfeited as a result of the guilty RVR finding were restored merely for a period of Plaintiff's good behavior (*see* Doc. 80-2 ¶¶4-6 & p. 4) such restoration does not meet the "favorable termination" requirement to reverse the dispositive grant of summary judgment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the both the Findings and Recommendation upon which this action was found to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and their progeny (Doc. 72) and the Order Adopting it (Doc. 75) which resulted in dismissal of this action and entry of judgment to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration seeking relief from judgment, filed on

October 18, 2015 (Doc. 77), is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

| Dated: | **November 16, 2015** | /s/ Lawrence J. O'Neill |
|---|---|---|
| | | UNITED STATES DISTRICT JUDGE |